# HUTCHINS *v.* HUTCHINS.

TRUSTS AND TRUSTEES; WILLS; DECEDENT'S ESTATE; RIGHTS OF WIDOW

A decree was *affirmed* which authorized the trustee of the estate of a decedent whose will was the subject of a pending contest, to make a loan of $35,000 to the widow of the decedent for two years at 6 per cent interest, where it appeared that the trustee had $120,000 on hand as the net accumulated income of the estate; that the widow's interest in any event would largely exceed the amount of the loan, and that provision had been made that the loan should be a first charge or lien upon her interest. (Citing *Hutchins* v. *Dante*, 40 App. D. C. 262, and *Hutchins* v. *Hutchins*, 41 App. D. C. 122.)

No. 2776. Submitted April 27, 1915. Decided May 10, 1915.

HEARING on an appeal by an intervener from an order of the Supreme Court of the District of Columbia, holding a probate term, made on a petition by the widow of a decedent, authorizing the trustee of the decedent's estate to make her a loan from the estate, which should be a first charge or lien upon her interest therein.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

It appears that Stilson Hutchins and his wife, Rose Keeling Hutchins, on March 7, 1910, conveyed to William J. Dante, trustee, practically the whole of the estate of the former, consisting of real and personal property, to administer the same during the life of Stilson Hutchins, upon condition that, on the death of Stilson Hutchins, the estate shall revert and be assigned to the executor of said Stilson Hutchins.

May 19, 1911, Dante, trustee, filed a bill in the equity court setting out the deed, and alleging that Stilson Hutchins had become so ill that he could no longer advise with the trustee

as provided in the trust deed in regard to investments, and praying that the court assume jurisdiction of the trust. Stilson Hutchins, his wife, Walter S. Hutchins, Lee Hutchins, and Mildred Rogers, heirs at law and next of kin of Stilson Hutchins, were made parties defendant. November 13, 1911, the court entered a decree taking jurisdiction of the trust, and ordered the trustee to file a statement of the property included in the trust, of all receipts and disbursements, and of all the obligations of the said Hutchins and the mortgages and trust deeds upon said property. The trustee gave the bond required by the court for the faithful performance of his duties.

May 26, 1908, Stilson Hutchins made a will devising and bequeathing all of his estate to be divided between his widow and heirs as follows: 40 per cent to Rose Keeling Hutchins; 30 per cent to Walter S. Hutchins; 20 per cent to Lee Hutchins, and 10 per cent to Mildred Rogers, and appointed Rose Keeling Hutchins, Walter S. Hutchins, Lee Hutchins, and William J. Dante executors without bond.

October 26, 1910, he made another will giving all of his property to the same parties, to be divided among them, 35 per cent to the widow; 35 per cent to Walter S. Hutchins; 20 per cent to Lee Hutchins, and 10 per cent to Mildred Rogers. Walter S. Hutchins, Lee Hutchins, and Charles L. Frailey were appointed executors without bond.

Stilson Hutchins died April 21, 1912, but neither will has been probated.

Rose Keeling Hutchins filed a petition on May 15, 1912, against Dante, setting up the trust deed and alleging that the net income from the real estate is $7,500 per month, and that she was entitled as widow in case of intestacy, or devisee if either will be probated, to not less than one third of said estate and income, and praying an order to the trustee to pay over to her one third of the net income derived from the said estate. This petition was denied May 29, 1912.

August 28, 1912, she filed another petition repeating substantially the allegations of the first. This was dismissed,

and on appeal from the order it was affirmed in this court. *Hutchins* v. *Dante,* 40 App. D. C. 262.

The court in that case held that the court had equity jurisdiction of the trust, but it had no authority to exercise the power of the probate court and order any distribution of the estate.

In the meantime, pending a caveat to the will of 1910, of which probate had been applied, William J. Dante was appointed collector of the estate of Stilson Hutchins.

May 16, 1913, Rose Keeling Hutchins filed a petition in the probate court alleging the death of Stilson Hutchins; the application for probate of his said will; the caveat thereto, and alleged that the estate consisted of personal property valued at $1,115,685, and real estate valued at $3,347,000, with obligations of $360,875 secured on the personalty, and $1,223,647 secured on the real estate, and prayed for an order requiring the collector, under sec. 391 of the Code [31 Stat. at L. 1251, chap. 854], to pay her a portion of the net income of the estate. This was dismissed, and on appeal this court reversed the decree, holding that petitioner was entitled to a partial distribution under sec. 391 of the Code. *Hutchins* v. *Hutchins,* 41 App. D. C. 122. No further action seems to have been taken in the probate court.

February 19, 1914, Rose Keeling Hutchins filed the present petition in the equity court in the case in which the trust was being administered, alleging that since Stilson Hutchins's death there had accumulated in the hands of the trustee, Dante, a sum of money about $75,000, which could not be invested; that her interest in said estate is better security than could be obtained for said surplus; that she is ready to convey to the trustee as security for a loan of part of said surplus not to exceed the minimum which she would be entitled to whether the will be probated or not, and pay interest thereon at 5 per cent per annum, secured by her deed assigning to him all of her said interest in the estate.

February 11, 1914, Walter S. Hutchins intervened and objected to the said investment as unsafe and improper.

February 12, 1914, Dante answered the petition under rule to show cause. He admitted that he had in cash surplus income amounting to $90,000, and stated that he had no objection to the granting of an order directing him to make a loan to petitioner. A further answer filed by him November 6, 1914, admitted that petitioner had an interest in the income of the estate; that he has now in hand net income amounting to $120,000, after the payment of taxes, interest, maintenance, and upkeep of the property; that this fund is in banks which for the greater part is earning 3 per cent interest; that this loan will not impair the estate, as sufficient funds will remain in hand to finance the same.

He prays that an order be entered authorizing him to make a loan to Rose Keeling Hutchins of $35,000 at 6 per cent per annum, and payable upon the issue of letters testamentary or of administration of the estate of Stilson Hutchins, the same to be secured by proper assignments and deeds of trust upon the interest in the said estate of Stilson Hutchins.

December 9, 1914, the court entered a decree authorizing and directing the trustee to loan Rose Keeling Hutchins $35,-000 out of the funds of the estate upon her executing to him her promissory note for said sum payable on or before two years from its date, bearing interest at the rate of 6 per cent per annum, payable annually, to be secured by a deed of trust and assignment of all her right, title, and interest in the said estate of Stilson Hutchins.

He was further directed to pay out of said $35,000 such liens, if any, as now exist against Rose Keeling Hutchins, so that the security would be a first charge upon her interest.

It was further decreed that said loan shall be a charge and first lien upon the interest of Rose Keeling Hutchins in the estate of Stilson Hutchins, real, personal, and mixed, and upon the increase thereof.

Walter S. Hutchins has appealed from this order.

The assignments of error raise the question of the jurisdiction of the court to make this order, and also of the validity of the security for the loan.

*Mr. E. H. Thomas* and *Mr. C. H. Merillat,* for the appellant, in their brief, cited: *Bogart* v. *Van Velsor,* 4 Edw. Ch. 755; D. C. Code, §§ 226, 391, 1176; *Collin* v. *Carman,* 5 Md. 503; *Electric Lighting Co.* v. *Club,* 6 App. D. C. 543; 17 Enc. Law, p. 442; *Gilbert* v. *Kolb,* 85 Md. 627; *Gilmore* v. *Tuttle,* 32 N. J. Eq. 611; *Gough* v. *Manning,* 26 Md. 347–366; *Hutchin* v. *Dante,* 40 App. D. C. 262; *Hutchin* v. *Hutchin,* 41 App. D. C. 122; *Re Somerset* (1894) 1 Ch. Div. 247; Lewin, Trusts; 2 Jarman, Wills, p. 585; *Jordon* v. *Trust Co.* 38 App. D. C. 391; *Lockhart* v. *Rielly,* De G. & J. 476; *Mattocks* v. *Moulton,* 84 Me. 545; *Morris* v. *Wright,* 14 Beau. 291; Pom. Eq. Jur. §§ 1062–1074; *Shuey* v. *Latta,* 90 Ind. 136; *Stouffer* v. *Clagett,* 32 Atl. 284; *Wood* v. *Wood,* 5 Paige, 596; *Worman* v. *Worman,* 43 Ch. Div. 296.

*Mr. John C. Gittings* and *Mr. Justin M. Chamberlin,* for the appellee, in their brief, cited: Adams, Eq. 234; *Ashburton* v. *Ashburton,* 6 Ves. Jr. 6; *Cannon* v. *Apperson,* 14 Lea, 553; 39 Cyc. 389, 407–409; 14 Cyc. 110, note 91, 113 note 5; *Dawson* v. *Whitlesey,* 1 McArth. 163; *Dunscomb* v. *Dunscomb,* L. Johnson, Ch.; *Ex parte Calmes,* 1 Hill (S. C.) Ch. 112; *Ex parte Jordan,* 4 Del. Ch. 181; 1 Jarman, Wills, 758; 1 Roper, Legacies, 552; *Freedman's Sav. Co.* v. *Sheppard,* 127 U. S. 499–502; *Garthshore* v. *Chalie,* 10 Ves. Jr. 13; *Gibson* v. *Farley,* 16 Mass. 280; *Green* v. *Capro,* 181 Mass. 585; *Hadden* v. *Speder,* 20 Johns. 554; *Harvard College* v. *Ammory,* 9 Pick. 446; *Hollowell* v. *Darling,* 32 App. D. C. 405; *Hutchins* v. *Dante,* 40 App. D. C. 262; *Hutchins* v. *Hutchins,* 41 App. D. C. 122; *Jordan* v. *Trust Co.* 38 App. D. C. 394; *Jones* v. *Stockett,* 2 Bland, Ch. 409; *Knowlton* v. *Bladlin,* 17 N. H. 458; *Kountz* v. *Omaha Hotel Co.* 107 U. S. 375; *Kurtz* v. *Hollingshead,* 4 Cranch, C. C. 181; *Mades* v. *Miller,* 2 App. D. C. 455; *Ogdensburg Bank* v. *Arnold,* 5 Paige, 38; *Osterfa* v. *Gaither,* 90 Md. 41; *Owens* v. *Barroll,* 88 Md. 204; Perry, Trusts, §§ 452, 458; *Pine* v. *White,* 175 Mass. 585; *Richie* v. *Bank of United States,* 5 Cranch, C. C. 607; *Ring-*

*gold* v. *Ringgold,* 1 H. & G. 11; 2 Redfield, Wills, 215; 2
Story, Eq. Jur. § 1357; *Seachrist* v. *Bowes,* 87 Md. 284; 2
Williams, Exrs. 1207–1254; *Simpson* v. *Feltz,* 1 McCord, Ch.
213; *Sterrett* v. *Trust Co.* 10 App. D. C. 138; *Taft* v. *Smith,*
186 Mass. 31; *Teil* v. *Walker,* 111 U. S. 242; *Thyer* v. *Dewey,*
185 Mass. 68; *Trust Co.* v. *Ice Co.* 14 App. D. C. 325; *Weber*
v. *Weber,* 90 Wis. 467; *Webb* v. *Shaftsberry,* 6 Madd. 100;
*Willis* v. *Eastern Trust Co.* 169 U. S. 295.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

It has been held heretofore that the equity court had juris-
diction to administer this trust, and to direct the proper in-
vestment of accumulated income pending the probate of the
will. *Hutchins* v. *Dante,* 40 App. D. C. 262.

It has also upheld the validity of the claim of Rose Keeling
Hutchins to an interest in the surplus income of the estate.
*Hutchins* v. *Hutchins,* 41 App. D. C. 122.

The accumulated income at the time of the order was $120,-
000, and was not invested at a greater rate than 3 per cent.
The trustee is fully satisfied with the security offered, and
recommends the loan. The court, with a knowledge of the cir-
cumstances, approved the loan and made the order.

Mr. Justice Gould, who entered the order, filed a brief opin-
ion, in the conclusion of which he says: "While this form of
security is unusual as an investment of trust funds, under the
circumstances of the instant case, to make a loan thereon ap-
pears not only advantageous to the estate, but an act of jus-
tice to applicant; therefore, the safety of the loan is beyond
question. Under either will, or in the event it should be found
that Stilson Hutchins died intestate, her interest in the estate
would exceed many times the amount of the loan. In fact,
her interest in the fund of the accumulated rents of the real
estate from which the loan is drawn, if it should now be di-
vided, exceeds the amount borrowed."

We agree with the learned justice, and his decree is affirmed with costs.                                                 *Affirmed.*

An appeal to the Supreme Court of the United States was denied May 27, 1915.